Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000167
01-MAR-2012
09:56 AM

NO. CAAP-11-0000167

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES ZULUETA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1650)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant James Zulueta (Zulueta) appeals from the February 17, 2011 Judgment of Conviction and Sentence for Promoting a Dangerous Drug in the Third Degree (PDD3), in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2011)[1] and Unlawful Use of Drug Paraphernalia (Drug Paraphernalia), in violation of HRS § 329-43.5(a) (2010),[2]

---

[1] HRS § 712-1243 states in pertinent part that "[a] person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount."

[2] HRS § 329-43.5(a) states that

[i]t is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

entered by the Circuit Court of the First Circuit (circuit court).[3]

Zulueta raises the following points of error on appeal:

1.  The [circuit] court plainly erred in instructing the jury on Count II (Paraphernalia) by (A) failing to require the jury to separately determine (1) Zulueta's possession of the object(s) versus (2) his. intent to use the object(s) to ingest methamphetamine; and (B) instructing the jury to determine whether the object(s) was *per se* paraphernalia, regardless of Zulueta's intent, or lack of intent, to use the object(s) to ingest methamphetamine.

2.  Even when viewed in the light most favorable to the State, there was insufficient evidence from which the jury could have concluded either that Zulueta had the pipe and two lighters in his pocket or that he knew the pipe and lighters were there.

Upon careful review of the record, the relevant law, and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Zulueta's appeal as follows:

1.  Zulueta challenges, as plain error, the circuit court's use of Hawaii Pattern Jury Instructions - Criminal 17.01 (2009)[4] in instructing the jury on the elements of

---

[3]  The Honorable Richard W. Pollack presided.

[4]  Labeled Court's Instruction No. 36 (Instruction 36), the challenged instruction provided,

> In Count II of the Information and Complaint, Defendant James Zulueta is charged with the offense of Unlawful Use of Drug Paraphernalia.
>
> A person commits the offense of Unlawful Use of Drug Paraphernalia if he possesses an object with the intent to use it to ingest, inhale, or otherwise introduce into the human body a controlled substance.
>
> There are two material elements of the offense of Unlawful Use of Drug Paraphernalia, each of which the prosecution must prove beyond a reasonable doubt.
>
> These two elements are:
>
> 1.  That, on or about October 8, 2010, in the City and County of Honolulu, State of Hawai'i, the Defendant possessed an object with the intent to use it to ingest, inhale, or otherwise introduce into the human body a controlled substance; and

(continued...)

---

[4](...continued)

2.   That the object was drug paraphernalia.

"Drug paraphernalia" means all equipment, products, and materials of any kind which are used, primarily intended for use, or primarily designed for use, in ingesting, inhaling, or otherwise introducing into the human body a controlled substance.  It includes, but is not limited to, objects used, primarily intended for use, or primarily designed for use in ingesting, inhaling, or otherwise introducing prohibited methamphetamine into the human body, such as glass pipes with or without screens or permanent screens.

In determining whether an object is drug paraphernalia, you should consider, in addition to all other logically relevant factors, the following:

(1)   Statements by an owner or by anyone in control of the object concerning its use;

(2)   The proximity of the object, in time and space, to a direct violation of any state law relating to any controlled substance;

(3)   The proximity of the object to controlled substances;

(4)   The existence of any residue of controlled substances on the object;

(5)   Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to any person whom the owner or person in control knows, or should reasonably know, intends to use the object to introduce into the human body a controlled substance; the innocence of an owner, or of anyone in control of the object, as to any state law relating to any controlled substance shall not prevent a finding that the object is intended for use or designed for use as drug paraphernalia;

(6)   Instructions, oral or written, provided with the object concerning its use;

(7)   Descriptive materials accompanying the object which explain or depict its use;

(8)   National and local advertising concerning its use;

(9)   The manner in which the object is displayed for sale;

(10) Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products;

(continued...)

Count II. State v. Mark, 123 Hawai'i 205, 219, 231 P.3d 478, 492 (2010) ("[J]ury instructions to which no objection has been made at trial will be reviewed only for plain error.") Zulueta argues that Instruction 36 did not "divide the material elements according to conduct and attendant circumstances, such that the jury was required to consider whether the State had proven each material element beyond a reasonable doubt." Zulueta does not claim that Element 1 in Instruction 36 does not contain all the essential elements of the charge. Indeed, Zulueta's formulation--save formatting--of the elements is almost identical to the language used in Element 1 of Instruction 36. Zulueta cites no authority for the proposition that an instruction on the essential elements of an offense must be parsed in a certain number of parts. Therefore, Zulueta has failed in his burden in showing plain error in this regard.

Relying on State v. Sun Na Lee, 75 Haw. 80, 856 P.2d 1246 (1993), Zulueta also argues that Instruction 36 was lacking because it contained a similarly flawed definition of drug paraphernalia. Zulueta's reliance is misplaced. In Sun Na Lee, the Hawai'i Supreme Court faulted the instruction because it did not clearly state an essential component of the determination that an object was drug paraphernalia--that the accused intended

---

[4](...continued)
(11) Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise;

(12) The existence and scope of legitimate uses for the object in the community; and

(13) Expert testimony concerning its use.

In order for the object to be drug paraphernalia, the prosecution must prove that the Defendant intended that the object be used with a controlled substance. Although the prosecution need not demonstrate the presence of any of the 13 factors to prove the Defendant's intent, the presence or absence of any of the specific factors along with all other logically relevant factors may be used to infer the Defendant's intent or the lack of such intent. Without the Defendant's intent to use the object with a controlled substance, none of the specific examples or factors listed above can transform the object into drug paraphernalia.

that the object be used with a controlled substance. Id. at 107, 856 P.2d at 1261 ("Clearly, the defendant's intention is the only thing that necessarily makes an object which is capable of being used with a controlled substance prohibited drug paraphernalia.").

By contrast, Instruction 36 made abundantly clear, both in Element 1 ("the Defendant possessed an object *with the intent to use it* to ingest, to inhale or otherwise introduce into the human body a controlled substance") and in its final paragraph, that Zulueta's intent was paramount ("Without the Defendant's intent to use the object with a controlled substance, none of the specific examples or factors listed above can transform the object into drug paraphernalia.").

Zulueta also argues that Element 2 of Instruction 36, requiring that the prosecution must prove that the object was drug paraphernalia "resulted in an improper diversion of the jury's focus to a 'non-element.'" We disagree. Zulueta points to nothing that supports his argument that the jury's attention was "diverted" or, even if this diversion occurred, that it resulted in the jury failing to find the essential elements of the charge had been proven.[5]

---

[5] It appears that Zulueta included other grounds, numbered three through six, supporting this first point on appeal in his Statement of the Points of Error. However, he did not pursue them in the argument section of his opening brief. "Points not argued may be deemed waived." Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7).

In any event, these grounds are without merit.

As to ground three, the fact that Element 2 did not include a state of mind requirement was not error. The instruction also included language that the finding that the object was drug paraphernalia depended on the intent of the defendant. See, State v. Kupihea, 98 Hawai'i 196, 198, 46 P.3d 498, 500 (2002) ("[i]t was evident from another instruction that [the State] was required to prove Defendant's knowing state of mind with respect to all elements of that offense.").

Similarly, as to ground four, that the paragraph containing part of the definition of drug paraphernalia did not include a state of mind, was not error where the required state of mind was included elsewhere in the instruction.

(continued...)

We conclude that Instruction 36, taken as a whole, was not prejudicially insufficient, erroneous, inconsistent, or misleading. See State v. Pond, 118 Hawai'i 452, 461-62, 193 P.3d 368, 377-78 (2008).

2. Zulueta's challenge to the sufficiency of the evidence amounts to a challenge to the credibility of the government's witnesses, a matter we will not pass upon. State v.

---

[5](...continued)

Regarding ground five, Zulueta objects to numbered paragraphs 5 through 11 and 13 of Instruction 36 because they were irrelevant to the facts of this case. It is true that the Hawai'i Supreme Court, in Kupihea, stated that the trial court "should refer only to those items or factors having a rational basis in the evidence adduced at trial and not otherwise excludable." 98 Hawai'i at 206, 46 P.3d at 508. However, the court did not flatly prohibit inclusion of all the factors. Even assuming that some of the factors in the instruction were not supported by evidence, their inclusion was harmless under the circumstances of this case. The jury was also instructed, in Instruction 36, that the prosecution was not required to prove any of the thirteen factors. Thus, the lack of evidence of any or all of these factors was not a matter for confusion. The jury was also instructed that, along with "all other logically relevant factors, [the thirteen listed] may be used to infer the defendant's intent or the lack of such intent." Thus, the jury was informed that it could take any relevant factors into account in determining that Zulueta lacked the intent necessary for commission of the crime. Zulueta has failed to show the inclusion of these factors in the instruction was plain error.

In addition to the basis that the factor is irrelevant, Zulueta points to the first part of the language of factor 5 and argues that it "appears to relate to a violation of HRS § 329-43.5(b)." Again, assuming this language pertains to the sale, rather than the possession or use of drug paraphernalia, the jury was told that the prosecution might not prove all of the factors and therefore the inclusion of a factor that was not supported by the proof in the case should not have caused confusion. Zulueta's challenge to the balance of the language of factor 5, that it "contradicts (1) the jury's factfinding duties; and conflicts with (2) the instructions in the last paragraph of [Instruction 36]; and (3) the Hawaii Supreme Court's decision [in Sun Na Lee] that a defendant's intent regarding an object is the determinative factor[,]" is either conclusory ((1)) or is incorrect ((2) and (3)). A statement that the defendant may be innocent of a violation of controlled substances law does not prevent a finding that the object was intended or designed for use as drug paraphernalia does not contradict the part of the instruction that the defendant's intent is paramount in determining whether the object is drug paraphernalia, and is therefore not inconsistent. If a person incorrectly believes he is not in violation of the law of controlled substances, that belief does not prevent the finding that he nevertheless intended to use the object or designed the object to be used with controlled substances. As the language does not diminish the need for finding a defendant's intent to use the object with controlled substances, it is not contrary to Sun Na Lee.

Finally, as the foregoing grounds failed to establish error, the final paragraph of Instruction 36, which Zulueta admits is a correct statement of the law, is not itself objectionable, merely because he argues it is "too little, too late."

Mattiello, 90 Hawai‘i 255, 259, 978 P.2d 693, 697 (1999). The arresting officer testified that when he conducted a pre-incarceration search of Zulueta, he recovered a glass pipe with residue from Zulueta's shorts pocket; the police criminalist testified that that residue was tested and found to contain methamphetamine. It was reasonable to infer from this evidence that Zulueta knowingly possessed the methamphetamine contained in the glass pipe and intended to use the pipe to introduce the methamphetamine into his body. Therefore, there was substantial evidence Zulueta committed the offenses of Promoting a Dangerous Drug in the Third Degree and Unlawful Use of Drug Paraphernalia. See State v. Grace, 107 Hawai‘i 133, 139, 111 P.3d 28, 34 (App. 2005).

Therefore, the Circuit Court of the First Circuit's February 17, 2011 Judgment of Conviction and Sentence are affirmed.

DATED: Honolulu, Hawai‘i, March 1, 2012.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge